Andrew D. Peterson Pro Per
P. O. Box 501
Hayfork, California 96041

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | Violation No. 3:19-po-0113 DMC |
| ) | |
| vs. ) | |
| ) | NOTICE OF MOTION AND MOTION |
| ) | TO DISMISS; MEMORANDUM OF |
| ) | POINTS AND AUTHORITIES IN |
| Andrew D. Peterson ) | SUPPORT OF MOTION TO DISMISS |
| ) | Date:  June 25, 2019 |
| Defendant. ) | Time:  9 am |
| ) | Dept.  United States District Court |
| ) |        2986 Bechelli Lane, |
| ) |        Redding, California |
| ) | |
| ) | |
| ) | |

NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on June 25, 2019 at 9:00 a.m., the undersigned Defendant Andrew D. Peterson will bring a motion pursuant to Fed. R. Crim. P. 12(b), and by this document so moves, for an order dismissing the above-identified violations and criminal

- 1 -
MOTION TO DISMISS

case against defendant Andrew D. Peterson on the grounds that the violation notice fails to state an offense.

The motion of the defendant Andrew D. Peterson to dismiss is supported by the following memorandum of points and authorities and by the accompanying Declaration of Diane Richards in Support of Defendant's Motion to Dismiss.

## BACKGROUND

Defendant Andrew D. Peterson, was prospecting, marking and monumenting his placer mining claim "Soul Mine" within the Shasta-Trinity Forest. Said claim was staked (marking and monumenting) on or about April 1, 2019 and subsequently Notice of Claim was recorded with the Trinity County Recorder on April 11, 2019. Claim number CAMCO 320072 was issued by the Department of the Interior's Bureau of Land Management office in Sacramento on or about April 15, 2019. As established by Section 314 of the Federal Land Policy and Management Act (FLPMA), as amended, claims and sites must be recorded with the proper BLM state office within 90 days of the date of location and recorded with the proper county in accordance with their requirements. Defendant did so in a timely manner (see Exhibit A). Defendant demonstrated to the USFS personnel that he was in compliance and had staked the claim and was in the paperwork process.

Defendant was cited for three violations (Violations F4903691, F4903692 and F4903694) on April 9, 2019 at the placer mining claim "Soul Mine".

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

36 CFR Part 261 - PROHIBITIONS § 261.1 Scope.   (b) Nothing in this part shall **preclude** activities as authorized by the Wilderness Act of 1964 **or the U.S. Mining Laws Act of 1872** as amended. (emphasis added).

Violation number F4903692 cites violation of:

OCCUPYING MAINTAINING CONSTRUCTION W/OUT OPERATING PLAN:

§ 261.10 Occupancy and use.

The following are prohibited:

(a) Constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure, communication equipment, significant surface disturbance, or other improvement on National Forest System lands or facilities without a special-use authorization, contract, or approved operating plan **when such authorization is required**.

(b) Construction, reconstructing, improving, maintaining, occupying or using a residence on National Forest System lands unless authorized by a special-use authorization or approved operating plan **when such authorization is required**.

Defendant alleges the U.S. Forest Service cannot classify mining operations as a "Special-Use" activity under 36 C.F.R. Part 251, because mining activity (including camping on mining claims when there is active mining activity going on) is specifically excluded from Special Use regulations. 36 C.F.R. Part 251 is the "catch-all" regulation for activities on National Forest land other than mining, timber harvesting and a few other excluded uses.

Mining activity on U.S. Forest Service land can only be managed under the 36C.F.R. Part 228 Subpart A mining regulations, and that the regulation under which defendant was cited does not apply. The landmark case of Lex and Waggener that was issued in 2003 (United States v. Lex, 300 F. Supp. 2d 951 (E.D. Cal. 2003)), deciding that camping on mining claims by active miners also must be managed by the U.S. Forest Service under the 36C.F.R. Part 228 Subpart A mining regulations. The Lex and Waggener Decision vindicates the rights of miners under the 1872 mining law.

Defendant alleges that the defendant's status as a miner entitles him to notice by Forest Service officials of the alleged violation and an opportunity to correct pursuant to § 228.7.4 United States v. Hall, 751 F.Supp. 1380, 1382 (E.D.Cal.1990).

The Forest Service regulations governing the surface use of National Forest System lands in connection with operations on mining claims provide that, with certain exceptions, "a

notice of intent [NOI] to operate is required from any person proposing to conduct operations which might cause disturbance of surface resources." Section 228.4(a).7 [697 F.Supp.2d 1176] [697 F.Supp.2d 1177]

If the District Ranger determines that the proposed operations are likely to cause a "significant disturbance of surface resources," the operator must file a proposed plan of operations [POO]. Conversely, § 228.4 provides that a NOI is not required for "[p]rospecting and sampling which will not cause significant surface resource disturbance" or mineral deposit removal. Section 228.4(a)(1)(ii). "Prospecting and sampling" as contemplated in § 228.4(a)(1)(ii) can "include searching for and occasionally removing small mineral samples or specimens, [or] gold panning."

The court in United States v. Lex, 300 F.Supp.2d 951, 961-63 (E.D.Cal.2003) made clear that a miner is not subject to the requirements of § 228.4 if his operations are minimal and not likely to cause disturbance of surface resources.

Diane Richards, a member of the Hayfork Mining District, notified District Ranger Thomas Hall in March, 2019 that defendant would be camping and prospecting in conjunction with staking his claim. Richards relayed a question for Ranger Hall by defendant inquiring whether a fire permit would be required and Ranger Hall replied it was not necessary at that time but no fires of any kind will be allowed during fire season. District Ranger Hall had jurisdiction over the area in which defendant was prospecting, marking and monumenting as per 7. 36 C.F.R. § 228.4. Thereby, the Forest Service was notified, albeit informally, of defendant's mining activities and non-continuous occupation of National Forest System lands. Defendant alternated working on two different ranches as well as working for another miner between working on said claim. Defendant stayed at the two ranches off and on while working. At said claim site, defendant would use a small two-man tent covered by an overhead tarp due to the rainy season. When defendant would leave the claim site, defendant would backpack out said tent and personal belongings including tools as well as remove rubbish. There is no "occupancy" structure on the claim at any time other than the temporary tent, the overhead tarp and a tarp on the ground for sorting of mineral specimens.

Defendant claims he is within compliance on all of the following (1) (i) through (vi) under 7. 36 C.F.R. § 228.4:   (1) A notice of intent to operate is not required for: (i) Operations which will be limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes; (ii) Prospecting and sampling which will not cause significant surface resource disturbance and will not involve removal of more than a reasonable amount of mineral deposit for analysis and study which generally might include searching for and occasionally removing small mineral samples or specimens, gold panning, metal detecting, non-motorized hand sluicing, using battery operated dry washers, and collecting of mineral specimens using hand tools; (iii) Marking and monumenting a mining claim; (iv) Underground operations which will not cause significant surface resource disturbance; (v) Operations, which in their totality, will not cause surface resource disturbance which is substantially different than that caused by other users of the National Forest System who are not required to obtain a Forest Service special use authorization, contract, or other written authorization; (vi) Operations which will not involve the use of mechanized earthmoving equipment, such as bulldozers or backhoes, or the cutting of trees, unless those operations otherwise might cause a significant disturbance of surface resources;

Defendant notices the court that under 36 C.F.R. § 228.4:

(2) The District Ranger will, within 15 days of receipt of a notice of intent to operate, notify the operator if approval of a plan of operations is required before the operations may begin. 3) An operator shall submit a proposed plan of **operations to the District Ranger having jurisdiction over the area in which operations will be conducted in lieu of a notice of intent to operate** if the proposed operations will likely cause a significant disturbance of surface resources. An operator also shall submit a proposed plan of operations, or a proposed supplemental plan of operations consistent with § 228.4(d), to the District Ranger having jurisdiction over the area in which operations are being conducted if those operations are causing a significant disturbance of surface resources but are not covered by a current approved plan of operations. <u>The requirement to submit a plan of operations shall not apply to the operations listed in paragraphs (a)(1)(i) through (v).</u> **[emphasis added]**

Violation number F4903691 cites violation of:

DAMAGING NATURAL FEATURE OR PROPERTY

§ 261.9 Property.

The following are prohibited:

(a) Damaging any natural feature or other property of the United States.

Defendant alleges he did not damage a natural feature. Defendant dug a level pit with ledges for panning and sorting purposes within a tailing pile that runs along the length of the gulch. These tailing piles are a product from past mining operations utilizing the area decades ago. This feature, a long and wide tailing pile, was <u>manmade</u>. Defendant also used the pit as a safe secure fire pit. No shrubbery or vegetative matter was growing in the pilings. It is a common practice for prospectors to sift through tailing piles to locate valuable minerals. Such digging activities constitute maintenance for small miners to qualify for exemption from maintenance fees annually. If no work such as this pit is done on a claim, the small miner's waiver will be denied.

Mining activity on U.S. Forest Service land can only be managed under the 36C.F.R. Part 228 Subpart A mining regulations, and that the regulation under which defendant was cited does not apply. The landmark case of Lex and Waggener that was issued in 2003 (United States v. Lex, 300 F. Supp. 2d 951 (E.D. Cal. 2003)), deciding that camping on mining claims by active miners also must be managed by the U.S. Forest Service under the 36C.F.R. Part 228 Subpart A mining regulations. The Lex and Waggener Decision vindicates the rights of miners under the 1872 mining law.

Defendant alleges that the defendant's status as a miner entitles him to notice by Forest Service officials of the alleged violation and an opportunity to correct pursuant to § 228.7.4 United States v. Hall, 751 F.Supp. 1380, 1382 (E.D.Cal.1990).

Violation number F4903694 cites violation of:

PLACING IN OR NEAR STREAM ANY SUBSTANCE MAY POLLUTE

§ 261.11 Sanitation.

(c) Placing in or near a stream, lake, or other water any substance which does or may pollute a stream, lake, or other water.

The USFS provides literature and resources for sanitation methods. At the website: https://www.fs.fed.us/t-d/pubs/html/95231202/95231202.html#PACK is a USFS publication of a list of options that are provided for those camping, hiking and other activities throughout the forest system. The first option under the title COLLECTION OPTIONS is:

CAT HOLE

Description: This is the "no action" alternative to waste management. The waste is not collected. Each recreation user digs a shallow hole, 5 to 15 cm deep and buries their fecal matter. Decomposition of fecal matter is accelerated when it is mixed with soil. Toilet paper is slow to degrade and may be dug up by animals. Policy may encourage users to place toilet paper in a plastic bag and packed out. Public education is required to encourage visitors to dig the cat hole away from water, to mix waste with the soil, and to remove their toilet paper.

Maintenance: Maintenance is not required.

Sewage Treatment: No sewage treatment is provided. The waste decomposes over time, taking from a few months to several years, depending on soil and climate.

Cost: The only cost associated with this method is public education.

Defendant was utilizing this option as far from the stream as possible against the base of the steep slope that banks the claim. Sanitary wipes were placed in a plastic bag for removal. The personnel that cited Defendant on April 9, 2019, came to the site early while Defendant was still asleep. Defendant was unaware that overnight his puppy had been able to remove the plastic bag from the secure area he had placed the bag for removal from the site later. Defendant promptly cleaned up all the sanitary wipes upon inspection.

The federal statutory law of mining provides that all valuable mineral deposits and federal land shall be free and open to exploration and purchase the lands in which they are found to occupation and purchase under regulations prescribed by law 30 USC 22. A prospector can thereby locate a mining claim that is a property interest which it is itself real property in every sense United States v. Shumway 199 F. 2d 1093, 1100 (Ninth Circuit 1999). Miners do not require permission from the Forest Service to utilize this property right. Ultimately the regulatory authority of the Forest Service with respect to mining is limited to regulations that do not unreasonably interfere with mining activities United States v. Weiss 642F2d 296, 299 (Ninth Circuit 1981);16 USC 478. **Presently, all uses of national forest system lands are considered special uses except those uses provided for in the regulations governing disposal of timber and minerals and the grazing of livestock**. A special use authorization is required in advance of any special use other than non-commercial temporary use or occupancy of national forest system land or facilities by individuals for camping picnicking hiking fishing hunting riding boating parking at vehicles and similar purposes. A "special use authorization" cannot be required for such mining activities and therefore the violation notice fails to state an offense. Defendant is following all regulations and rights under the U.S. Mining Laws Act of 1872. This Court therefore should issue an order dismissing the violation notice and terminating this case.

Dated June 25, 2019                                    RESPECTFULLY SUBMITTED,


*Andrew Peterson*
Andrew D. Peterson

# EXHIBIT A

**UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT**
California State Office
2800 Cottage Way, Suite W1623
Sacramento, California 95825-1886

OFFICIAL BUSINESS



Doc #
Page 1 of 3
Date: 4/11/2019 12:51P
Filed by: GENERAL PUBLIC
Filed & Recorded in Official Records
of TRINITY COUNTY, CA
SHANNA S WHITE
COUNTY CLERK-RECORDER
Fee: $94.00

RECORDING REQUESTED BY AND MAIL TO:
(Please type or use blue ink on this form)

NAME      Andrew Peterson

ADDRESS   Box 501

          Hayfork Calif 96041

RECORDER'S USE ONLY

## PLACER MINING CLAIM LOCATION NOTICE (CALIFORNIA)

**CONFORMED COPY**

To Whom It May Concern, please take notice that:

1. Placer mining claim name is __SOUL Mine__.

2. Date of location (date a conspicuous and substantial location monument was erected and location notice posted in or on it) of this placer mining claim is __April__ __1st__ __2019__.
   (month) (day) (year)

3. Description of the discovery monument is as follows: __3 foot green metal stake with cream top__

4. Placer mining claim IS IN an area where there is a U.S. Pubic Land Survey and the description of the claim by legal subdivision including aliquot part (A.P.) of section (such as E1/2NE1/4NE1/4), section (Sec.), Township (T.), Range (R.) and meridian (Mer.), is as follows:

   A.P. __n/a__, Sec. __SW/32__, T. __31N__, R. __11W__, Mer. __Mt. Diablo__

   A.P. __n/a__, Sec. __SE/31__, T. __31N__, R. __11W__, Mer. __Mt. Diablo__

   A.P. _____, Sec. _____, T. _____, R. _____, Mer. _____

5. Placer mining claim IS NOT in an area where there is a U.S. Public Land Survey, is marked by conspicuous and substantial monument at each claim corner, and is located by properly marked boundaries described below in reference to some natural object:

   Natural object is (description) __Good's Gulch mining road x Good's gulch intersect__, and it is by compass direction __NE__, about __800__ feet to the discovery monument. From the discovery monument it is by compass direction __NW__, about __600__ feet to the NW corner post; from here it is by compass direction __NE__, about __500__ feet to the NE corner post; from here it is by compass direction __SW__, about __900__ feet to the SE corner post; from here it is by compass direction __SE__, about __900__ feet to the SW corner post; from here it is by compass direction __NE__, about __1500__ feet to the NW corner post.

6A. The undersigned locator(s) have defined the boundaries of the claim by erecting at each corner of the claim, or nearest accessible points thereto, a conspicuous and substantial monument and each corner monument so erected bears or contains markings sufficient to appropriately designate the corner of the claim and the name of the claim.

6B. The date of monument erection and marking is __April__ __4__ __2019__.
    (month) (day) (year)

RECEIVED
APR 15 2019
USDI-BLM-CA50

RECEIVED

CAMC0320072

6C.  Description of each monument is as follows: Three foot green metal stake with cream colored top _____

7.  Attach to this Notice an appropriate U.S. Geologic Survey topographic map showing a sketch of the outline of the placer mining claim.

8.  Placer mining claim is in Trinity County.

9.  Placer mining claim contains 20 acres.

10. If your placer mining claim is in a powersite withdrawal as determined from BLM Master Title Plat records, write "Filed under P.L. 359" on this line:_____

11. Locator(s) of this placer claim are: (Please Print)

Name(s) | Current Mailing or Residence Address
Andrew Peterson | P O Box 501, Hayfork, Calif. 96041

12. Signatures of locator(s):

*andrew Peterson* Date: 4/11/19

FILE THIS ORIGINAL NOTICE WITH THE APPROPRIATE COUNTY RECORDER (within 90 days of the date of location), AND FILE A DUPLICATE NOTICE (within the same 90 days) WITH THE BUREAU OF LAND MANAGEMENT, CALIFORNIA STATE OFFICE, 2800 COTTAGE WAY, ROOM W-1834, SACRAMENTO, CA 95825.

Trinity COUNTY RECORDING FEES – NOTICE OF LOCATION FORMS:

$14.00 for first page of document
$3.00 for each additional page



DOC # 201901336 Page 2 of 3

CAMC0320072



**United States Department of the Interior**
**Bureau of Land Management**
BR OF GEOGRAPHIC SERVICES
2800 COTTAGE WAY
SACRAMENTO, CA 95825
Phone: (916) 978-4400

Receipt

No: 4426730

Transaction #: 4545878
Date of Transaction: 04/15/2019

**CUSTOMER:**

DIANE RICHARDS
PO BOX 501
HAYFORK, CA 96041-0501 US

| LINE # | QTY | DESCRIPTION | REMARKS | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| 1 | 1.00 | LOCATABLE MINERALS / MINING CLAIMS-NEW,UNADJUD, ONE OR MORE AUTH NOS / NEW MINING CLAIM PROCESSING FEE CASES: CAMC320072/$20.00 | | - n/a - | 20.00 |
| 2 | 1.00 | LOCATABLE MINERALS / MINING CLAIMS-NEW,UNADJUD, ONE OR MORE AUTH NOS / NEW MINING CLAIMS LOCATION FEE CASES: CAMC320072/$37.00 | | - n/a - | 37.00 |
| 3 | 1.00 | LOCATABLE MINERALS / MINING CLAIMS-NEW,UNADJUD, ONE OR MORE AUTH NOS / NEW MINING CLAIMS MAINTENANCE FEE CASES: CAMC320072/$155.00 | | - n/a - | 155.00 |

**TOTAL:** $212.00

**PAYMENT INFORMATION**

| 1 | AMOUNT: | 212.00 | POSTMARKED: | 04/12/2019 |
| | TYPE: | CHECK | RECEIVED: | 04/15/2019 |
| | CHECK NO: | 190 | | |
| | NAME: | RICHARDS, DIANE PO BOX 501 HAYFORK CA 96041-0501 US | | |

**REMARKS**

This receipt was generated by the automated BLM Collections and Billing System and is a paper representation of a portion of the official electronic record contained therein.

https://ilmocop0ap933.blm.doi.net/cgibin/cbsp/zorder    4/15/2019